UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| | |
|---|---|
| **MARTIN J. WALSH**, Secretary of Labor, United States Department of Labor, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| | ) CIVIL ACTION |
| v. | )<br>) Case No. 21-cv-401 |
| **PINNACLE MACHINE, LLC**, **DONALD MILLER, JENNIFER MILLER**, and **PINNACLE MACHINE SAVINGS & RETIREMENT PLAN** | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

# COMPLAINT

Plaintiff, **MARTIN J. WALSH**, Secretary of Labor, United States Department of Labor ("Secretary"), alleges:

## JURISDICTION AND VENUE

1. This cause of action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001, et seq., and is brought by the Secretary under ERISA § 502(a)(2) and (5), 29 U.S.C. § 1132(a)(2) and (5), to enjoin acts and practices which violate the provisions of Title I of ERISA, to obtain appropriate relief for breaches of fiduciary duty under ERISA § 409, 29 U.S.C. § 1109, and to obtain such further equitable relief as may be appropriate to redress violations and to enforce the provisions of Title I of ERISA.

2. This court has jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

3. The Pinnacle Machine Savings and Retirement Plan ("Plan") is an employee benefit plan within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3), which is subject to the provisions of Title I of ERISA pursuant to ERISA § 4(a), 29 U.S.C. § 1003(a).

4. Venue of this action lies in the Eastern District of Wisconsin, pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because the Plan was administered in the city of Appleton, Outagamie County, Wisconsin, within this district.

**DEFENDANTS**

5. The Plan was sponsored by Pinnacle Machine, LLC ("Pinnacle"), which was incorporated in the state of Wisconsin on February 4, 2004.

6. The Plan was established on January 1, 2005, as a 401(k) profit-sharing plan, which allows employees to make voluntary salary deferral contributions to the Plan through payroll withholdings.

7. The Plan is named as a defendant herein pursuant to Federal Rule of Civil Procedure Rule 19(a) solely to assure that complete relief can be granted.

8. From January 1, 2005 through at least September 13, 2019, Defendant Pinnacle was the Plan Sponsor and Plan Administrator for the Plan; was a fiduciary of the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A); and was a party in interest to the Plan within the meaning of ERISA § 3(14)(A) and (C), 29 U.S.C. § 1002(14)(A) and (C).

9. From at least January 8, 2016 through at least September 13, 2019, Defendant Donald Miller ("D. Miller") was the Chief Executive Officer, a 50% owner and a managing member of Pinnacle; was named a Special Trustee of the Plan and exercised authority and control over assets of the Plan; he was a fiduciary of the Plan within the meaning of ERISA §

3(21)(A), 29 U.S.C. § 1002(21)(A); and he was a party in interest to the Plan within the meaning of ERISA § 3(14)(A), (E), and (H), 29 U.S.C. § 1002(14)(A), (E), and (H).

10. From at least January 8, 2016 through at least September 13, 2019, Jennifer Miller was the Director of Human Resources and Accounting for Pinnacle; was a named Trustee of the Plan; was a fiduciary within the meaning of ERISA § (21)(A), 29 U.S.C. § 1002(21)(A); and was a party in interest to the Plan within the meaning of ERISA § 3(14)(A), (F), and (H), 29 U.S.C. § 1002(14)(A), (F), and (H).

## COUNT I

**(Failure to Remit Employee Salary Deferral Contributions to the Plan)**

11. Paragraphs 1 through 10 above are re-alleged and incorporated herein.

12. From at least January 8, 2016 through at least September 13, 2019, the Plan's governing documents provided, in pertinent part, that participants could make salary deferral contributions to the Plan from their compensation.

13. In accordance with 29 C.F.R. § 2510.3-102, participant contributions were required to be forwarded to the Plan on the earliest date on which such contributions could reasonably be segregated from Pinnacle's general assets and "not later than the 7th business day following the day on which such amount would otherwise have been payable to the participant in cash."

14. From at least January 8, 2016 through at least September 13, 2019, pursuant to paragraph 10.02(b) of the Plan's governing documents the Special Trustee has "the duty to determine and collect contributions under the Plan."

15. From at least January 8, 2016 through at least September 13, 2019, Defendant Pinnacle withheld $27,114.16 from its employees' pay as salary deferral contributions intended for the Plan. Upon information and belief, Defendant Pinnacle retained these withheld employee salary deferral contributions in its general operating account, never remitted them to the Plan, and used the monies to pay Pinnacle's expenses.

16. From at least January 8, 2016 through at least September 13, 2019, Defendant Donald Miller exercised authority and control over whether and when Pinnacle remitted employee salary deferral contributions to the Plan.

17. From at least January 8, 2016 through at least September 13, 2019, Defendant Donald Miller caused salary deferral contributions not to be remitted to the Plan.

18. From at least January 8, 2016 through at least September 13, 2019, Defendant Donald Miller as Special Trustee of the Plan knew the employee salary deferral contributions were not remitted to the Plan and failed to collect the contributions owed to the Plan.

19. Based on information and belief, from at least January 8, 2016 through at least September 13, 2019, Jennifer Miller knew that contributions withheld from employees' pay were not being remitted to the Plan.

20. From at least January 8, 2016 through at least September 13, 2019, as fiduciaries of the Plan, Defendants Pinnacle, Donald Miller, and Jennifer Miller failed to ensure the employees' salary deferral contributions were remitted to the Plan.

21. Based on the facts described in paragraphs 11 through 18 and 20 above, Defendants Pinnacle, Donald Miller, and Jennifer Miller:

A. permitted the Plan's assets to inure to the benefit of the employer and failed to hold them for the exclusive purpose of providing benefits to Plan participants and their beneficiaries and defraying reasonable expenses of Plan administration in violation of ERISA § 403(c)(1), 29 U.S.C. § 1103(c)(1); and

B. failed to act solely in the interest of Plan participants and their beneficiaries and for the exclusive purpose of providing benefits to Plan participants and their beneficiaries and defraying reasonable expenses of Plan administration, in violation of ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A).

22. Based on the facts described in paragraphs 11-18, and 20 above, Defendants Pinnacle and Donald Miller:

A. caused the Plan to engage in transactions which they knew or should have known constituted a direct or indirect transfer to, or use by or for the benefit of, a party in interest, of assets of the Plan, in violation of ERISA § 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D);

B. dealt with assets of the Plan in their own interest in violation of ERISA § 406(b)(1), 29 U.S.C. § 1106(b)(1); and

C. acted on behalf of a party whose interests are adverse to the interests of the Plan or the interests of its participants and beneficiaries, in violation of ERISA §406(b)(2), 29 U.S.C. § 1106(b)(2).

23. Jennifer Miller is liable, pursuant to ERISA §405(a)(2), 29 U.S.C. §1105(a)(2), for the breaches of fiduciary responsibility by a co-fiduciary, as described in paragraphs 12 through 20 above, because by failing to comply with ERISA §404(a)(1)(A), 29 U.S.C.

§1104(a)(1)(A), in the administration of her specific responsibilities which gave rise to her status as a fiduciary of the Plan, she enabled another fiduciary to commit a breach.

24. Jennifer Miller is liable, pursuant to ERISA §405(a)(3), 29 U.S.C. §1105(a)(3), for the breaches of fiduciary responsibility by a co-fiduciary, as described in paragraphs 12 through 20 above, because by the nature of her role as the Plan's Trustee, and as the Director of Human Resources and Accounting for Pinnacle, she was aware of Donald Miller's failure to remit employee contributions to the Plan and did not make reasonable efforts to remedy the breach.

25. As a direct and proximate result of Defendants Pinnacle, Donald Miller, and Jennifer Miller's fiduciary breaches, the Plan suffered injury and losses for which they are personally liable and subject to appropriate equitable relief, pursuant to ERISA § 409, 29 U.S.C. §1109.

## COUNT II

**(Failure to Remit Employee Salary Deferral Contributions to the Plan in a Timely Manner)**

26. Paragraphs 1 through 10 and 12 through 14 above are re-alleged and incorporated herein.

27. From at least January 8, 2016 through at least September 13, 2019, Defendant Pinnacle withheld $58,483.10 from its employees' pay as salary deferral contributions intended for the Plan.

28. Upon information and belief, Pinnacle's payroll processes and remittance history were such that the participant contributions could reasonably be segregated from Pinnacle's general assets and forwarded to the Plan within 7 business days of each pay date.

6

Case 1:21-cv-00401-WCG   Filed 03/30/21   Page 6 of 11   Document 1

29. From at least January 8, 2016 through at least September 13, 2019, Defendant Pinnacle failed to remit the $58,483.10 in employee salary deferral contributions to the Plan in a timely manner.

30. From at least January 8, 2016 through at least September 13, 2019, Defendant Donald Miller exercised authority and control over when Pinnacle remitted the $58,483.10 in employee salary deferral contributions to the Plan.

31. Based on information and belief, from at least January 8, 2016 through at least September 13, 2019, Jennifer Miller knew that contributions withheld from employees' pay were not being remitted to the Plan in a timely manner.

32. As fiduciaries to the Plan, Defendants Pinnacle, Donald Miller, and Jennifer Miller failed to ensure that the salary deferral contributions were timely remitted to the Plan.

33. Based on the facts described in paragraphs 27 through 30 and 32 above, Defendants Pinnacle, Donald Miller, and Jennifer Miller:

    A. permitted the Plan's assets to inure to the benefit of the employer and failed to hold them for the exclusive purpose of providing benefits to Plan participants and their beneficiaries and defraying reasonable expenses of Plan administration in violation of ERISA §403(c)(1), 29 U.S.C. § 1103(c)(1); and

    B. failed to act solely in the interest of Plan participants and their beneficiaries and for the exclusive purpose of providing benefits to Plan participants and their beneficiaries and defraying reasonable expenses of Plan administration, in violation of ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A).

34. Based on the facts described in paragraphs 27 through 30 and 32 above, Defendants Pinnacle and Donald Miller:

    A. caused the Plan to engage in transactions which they knew or should have known constituted a direct or indirect transfer to, or use by or for the benefit of, a party in interest, of assets of the Plan, in violation of ERISA § 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D);

    B. dealt with assets of the Plan in their own interest in violation of ERISA § 406(b)(1), 29 U.S.C. § 1106(b)(1); and

    C. acted on behalf of a party whose interests are adverse to the interests of the Plan or the interests of its participants and beneficiaries, in violation of ERISA § 406(b)(2), 29 U.S.C. § 1106(b)(2).

35. Jennifer Miller is liable, pursuant to ERISA §405(a)(2), 29 U.S.C. §1105(a)(2), for the breaches of fiduciary responsibility by a co-fiduciary, as described in paragraphs 28 through 32 above, because by failing to comply with ERISA §404(a)(1)(A), 29 U.S.C. §1104(a)(1)(A), in the administration of her specific responsibilities which gave rise to her status as a fiduciary of the Plan, she enabled another fiduciary to commit a breach.

36. Jennifer Miller is liable, pursuant to ERISA §405(a)(3), 29 U.S.C. §1105(a)(3), for the breaches of fiduciary responsibility by a co-fiduciary, as described in paragraphs 28 through 32 above, because by the nature of her role as the Plan's Trustee, and as the Director of Human Resources and Accounting for Pinnacle, she was aware of Donald Miller's failure to remit employee contributions to the Plan and did not make reasonable efforts to remedy the breach.

37. As a direct and proximate result of Defendants Pinnacle, Donald Miller, and Jennifer Miller's fiduciary breaches, the Plan suffered injury and losses for which they are personally liable and subject to appropriate equitable relief, pursuant to ERISA § 409, 29 U.S.C. §1109.

## PRAYER FOR RELIEF

Wherefore, the Secretary prays for judgment:

A. Permanently enjoining Defendants Pinnacle, Donald Miller, and Jennifer Miller from violating the provisions of Title I of ERISA;

B. Permanently enjoining Defendants Pinnacle, Donald Miller, and Jennifer Miller from serving or acting as a fiduciary or service provider to any ERISA-covered employee benefit plan and removing them from any position they now hold as a fiduciary to the Plan;

C. Ordering Defendants Pinnacle, Donald Miller, and Jennifer Miller to make good to the Plan all losses, including lost opportunity costs, resulting from fiduciary breaches committed by them or for which they are liable;

D. Ordering Defendants Pinnacle, Donald Miller, and Jennifer Miller to correct the prohibited transactions in which they engaged;

E. Appointing an independent fiduciary to terminate the Plan consistent with the Plan's governing documents, the Internal Revenue Code, and ERISA, distribute its assets to the participants and beneficiaries, and conclude any plan-related matters connected with the proper termination of the Plan;

F. Ordering Defendants Pinnacle, Donald Miller, and Jennifer Miller to pay all reasonable fees and expenses incurred by the independent fiduciary in administering and terminating the Plan;

G. Requiring the Plan be amended be amended to allow the set-off from the individual Plan accounts of Defendants Donald Miller and Jennifer Miller the amounts necessary to restore all losses to the Plan and to pay for all fees and expenses related to the services performed by the Independent Fiduciary, as authorized by 29 U.S.C. § 1056(d)(4), if the losses are not restored or the fees and expenses are not otherwise paid by Defendants Donald Miller and Jennifer Miller.

H. Requiring the Plan to set-off from the individual Plan accounts of Defendants Donald Miller and Jennifer Miller the amounts necessary to restore all losses to the Plan and to pay for all fees and expenses related to the services performed by the Independent Fiduciary, as authorized by 29 U.S.C. § 1056(d)(4), if the losses are not restored or the fees and expenses are not otherwise paid by Defendants Donald Miller and Jennifer Miller.

I. Awarding the Secretary the costs of this action; and

J. Ordering such other just and proper relief.

<div style="display: flex;">

**P.O. ADDRESS:**
Office of the Solicitor
230 South Dearborn St.
Room 844
Chicago, IL 60604
Tel. (312) 353-6972
Fax. (312) 353-5698
Ishu.Mark.H@dol.gov
sol-chi@dol.gov

Respectfully submitted,

**ELENA S. GOLDSTEIN**
Deputy Solicitor

**CHRISTINE Z. HERI**
Regional Solicitor


s/ Mark H. Ishu
Trial Attorney (IL 66296803)
U.S. Department of Labor,
Attorneys for **MARTIN J. WALSH**
Secretary of Labor,
Plaintiff

</div>